Hensel *v.* Perk Foods Co., Appellant.

Argued May 1, 1968. Before BELL, C. J., MUSMAN-NO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William F. Martson,* for appellant.

*Franklin Poul,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellees.

OPINION PER CURIAM, May 21, 1968:

On October 11, 1962, the plaintiffs in this case, trustees of the First National Real Estate Trust in Cumberland County, bought from Summit Terminals, Inc., a 11-acre tract, most of which consisted of vacant unused land except that at one end of the tract a large building occupied almost two acres of space. The Perk Foods Co., the defendant, was in possession of the building, at the time of plaintiff's purchase as tenant of Summit Terminals, Inc., under a lease dated January 7, 1960, its term extending for 20 years. When

the plaintiffs purchased the land, Summit assigned the 1960 lease to them, and the defendant executed a certificate acknowledging that the lease was in full force and effect.

Later, controversy arose between the plaintiffs and the defendant as to just what portion of the property had been leased to the defendant, the latter claiming possession of the entire 11-acre tract, the plaintiffs, on the other hand, maintaining that the lease applied only to the building, plus certain additional rights of use of adjacent area.

The disagreement lead the plaintiffs to filing an action for declaratory judgment which, by stipulation of the parties, was changed to that of an action of ejectment. It was also stipulated that the case be tried without jury. The court, after taking testimony, found for the plaintiff, that is, that the lease covered only the building occupied by the defendant. The court en banc sustained this finding. The defendant appealed.

At the trial the court permitted the defendant to introduce evidence to show that the lease was intended to cover the whole 11-acre tract. In spite of this evidence, the trial judge found in favor of the plaintiffs. The court en banc held that the parol evidence should not have been admitted. We agree.

The language of the lease is clear that the leased property is the building and not the 11-acre tract, the lease stating unequivocally that: "The Lessor does hereby lease to Lessee its ninety-three thousand eighty-two (93,082) square foot building located on Old Gettysburg Pike, Lower Allen Township, Cumberland County, Pennsylvania, for a period of twenty years commencing February 1, 1960. . ."

Here there is no latent or patent ambiguity: the lessor does hereby lease to lessee its 93,082 square feet building. This language is specific, it hits a precise

target, there is nothing hanging loose or unaccounted for in the statement. Since there was no claim of fraud, accident or mistake, parol evidence should not have been introduced to alter, contradict or vary the terms of the contract. When the defendant certified that the lease was in full force and effect, the plaintiffs had the right to rely on the meaning of the words employed which meticulously spelled out what was involved, a building with the right of user as to certain other portions of the property which right of user is here not involved.

Judgment affirmed.